519 P.2d 247

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Ersell HARRIS, Jr., Defendant and Appellant.**

**No. 12998.**

Supreme Court of Utah.

Feb. 21, 1974.

---

5. State v. Shields, 28 Utah 2d 405, 503 P.2d 848.

**440**

The accused knowingly was particeps to a 1970 purchase by his lady companion,— of a suit that not only happened to fit him but also his purpose. The haberdasher was the only one who testified as to the value of the vestment,—$70 wholesale, $140 retail. The penalty was fixed and such penalty was less for the offense if the value of the property was less that $100, and greater if it was in excess thereof.

Defendant asked that the jury be instructed of the difference, which was denied, to which exception was taken,—which denial was the sole question urging prejudicial error on appeal. The statute referred to "value" only. We assume the legislature meant "market value,"—usually the "retail" value,—or a price at which a willing seller would sell and a willing buyer would buy. Difficulty here is that we don't have that Heavenly harmony, since we have a willing seller, it is true, but a willing thief, not a willing buyer.

Jack W. Kunkler, of Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a conviction for fraudulently using a credit card.[1]  Reversed.

An interesting conundrum poses itself here: Pretend that the willing seller here, with a 100% profit motive, had had a $99.-50 sign in the window else the $140 one. The mistake with which the defendant unwittingly may have stultified himself, was lack of a sort of David Harum negotiative acumen, or perhaps a happier instinct to abscond the realm with a Brooks Brothers habit.

1. Titles 76–20–8, 76–20–9, Utah Code Annotated 1953 (Ch. 238 Laws of Utah 1969, p. 987).

 Value is something at which the jury may take a look. The owner of an article is competent to testify as to its value, and such testimony is admissible, but neither inviolate nor impervious to disbelief. The jury may take a view of the item for excellence or shodiness, and look through the same spectacles at the witness to determine the latter's imagination or credibility,—and the verdict is its as to value.

The jury in this case, without the word "retail" ever having obtained in the complaint or in the information, was told by the trial court that under the statute "value" meant "retail" value. We think that is tantamount to saying justice, too, is "retail" instead of "wholesale."[2]

 This is not a case where the defendant did not ask for an instruction as to a lesser offense, but did,—and contrariwise excepted to the refusal to give the instruction. We think there was nothing unreasonable in asking for it, but there was something unreasonable in denying it,—all of which we think adds up to prejudiciality.

 The defendant asks us to 1) reverse the conviction, or 2) send the case back for sentence on a lesser charge, neither of which courses we can pursue under the facts and record in this case,—but in the interest of justice, the defendant having raised a poignant point on appeal, we can and do send this case back for a new trial unless the defendant reverses himself and asks that the appeal in this case be dismissed.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

2. Which reminds some of us reminiscents at the Bar of a beloved colleague, a most honorable and candid wit, who once said it better than we, in defense of his client, in pleading for clemency, that his client only stole wholesale, not retail.