**STATE of Utah, Plaintiff and Respondent,**

v.

**Michael Jeffrey LIMB, Defendant and Appellant.**

**No. 15438.**

Supreme Court of Utah.

June 12, 1978.

---

9. Id.

Shelden R. Carter, Utah County Legal Defender Ass'n, Provo, for defendant and appellant.

Robert Hansen, Atty. Gen., Earl T. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

WILKINS, Justice:

Defendant was convicted on July 5, 1977, by the District Court, sitting without a jury, of exercising unauthorized control over stolen property having a value in excess of $100, a Class A Misdemeanor, under Utah Code Ann., 1953, Sections 76–6–404 and 76–6–412 (Supp.1977). Defendant appeals therefrom claiming two prejudicial errors, viz., that (1) evidence of the stolen property was seized pursuant to an unconstitutional search and (2) inadmissible evidence was received concerning value of the subject property.

On or about the 29th day of April, 1977, two tires and two "mag" type wheels were stolen from the residence of Carl McClellan. Mr. McClellan had become the owner of these wheels and tires when he purchased a 1968 Chevrolet truck equipped with them. He had no use for these deluxe wheels and tires and therefore replaced them with two regular truck tires and rims, and attempted to sell the former ones by chaining them to the front porch railing of his home with a "for sale" sign next to them.

Late in the evening on the 29th of April, 1977, Officer William Curl of the Payson City Police Department received a report that there had been a prowler in the area of Mr. McClellan's neighborhood. A neighbor had reported seeing a man wheeling two tires down the street, described the car in which the individual drove away, and furnished the police with the car's license number. Officer Curl discovered at the victim's home, that these two tires and wheels were missing from the front of McClellan's home and that the cable holding them to the front porch railing had been cut.

Officer Curl ran a license plate check on the suspect vehicle, discovering an address in Santaquin, Utah. Deputy Sheriff Robert Eyre of the Utah County Sheriff's Office was called to assist Officer Curl in locating the vehicle in the Santaquin area. The officers drove to the address in Santaquin and waited for the suspect vehicle to arrive.

Approximately two or three minutes after their arrival, a man, identified at trial by Officer Curl as the Defendant drove up in the suspect vehicle and parked on the side of the road near his house. Officer Curl approached the driver's side of defendant's car and observed a pair of bolt cutters on the front seat. Deputy Eyre joined Officer Curl and defendant. Officer Curl asked defendant if he would consent to the

officers searching the trunk of his car, and defendant hesitated for a minute without answering after which Deputy Eyre again asked him if he would open the trunk. Defendant asked Deputy Eyre why he and Officer Curl wanted to search his car, to which Deputy Eyre stated that they had probable cause to believe that a theft had been committed, and that defendant had been involved.

Deputy Eyre then explained that defendant could answer "yes" allowing the officers to look into the trunk or "no" and refuse to allow them to open the trunk; he further informed defendant that he had the right to give either answer. Again, defendant said nothing. Officer Curl, then explained that if defendant consented to the search of the trunk, the officers would open the trunk and search it, and if he refused, they had sufficient probable cause to impound the vehicle and obtain a search warrant. Defendant then consented to the search of the trunk and walked to the trunk of the car and opened it where the officers discovered the stolen property.

At the trial, the State moved for the admission of the subject wheels and tires and defendant objected on the ground that they were the fruits of an illegal search and seizure, moving to have the evidence suppressed. The Court denied defendant's motion, ruling that the evidence taken from his automobile without a search warrant was admissible under the exigent circumstances doctrine. Defendant also objected to the State's evidence concerning the value of the stolen property on the grounds that the victim's testimony was hearsay evidence and sufficient foundation had not been laid for it. The Court overruled defendant's motion and Mr. McClellan testified that he believed the wheels and tires to be worth $125 to $150.

■ Concerning the defendant's claimed error of seizing the stolen property pursuant to a warrantless search, we hold that the District Court properly received the evidence of the stolen property under the exigent circumstances doctrine.

Here—as is constitutionally required—there was probable cause for a search, and also sufficient exigent circumstances for immediately searching without a warrant. Why? A man was seen wheeling two tires down a street; a description and license number of the car driven by that man was obtained; the cable holding the wheels and tires had been cut; the car and license number—at the defendant's house—matched the description given to Officer Curl; and the officer observed bolt cutters on the front seat of defendant's car. We hold that these facts constituted probable cause.

Also the car in this case was stopped on a side road, the defendant was alerted to the "peril" of his situation, and without the search and seizure, the contents of the car may never have been found again—indeed, *probably* would not—had the officers left to obtain a search warrant. Hence, we hold the requirement of exigent circumstances obtained in this matter.

In *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970), the United States Supreme Court stated:

In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the constitution. As a general rule, it has also required the judgment of a magistrate on the probable-cause issue and the issuance of a warrant before a search is made. Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search. *Carrol* [*v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543] *supra,* holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Hence an immediate search is constitutionally permissible.

Also see *State v. Shields,* 28 Utah 2d 405, 503 P.2d 848 (1972), where this Court enunciated and followed the principles in *Chambers.*

Defendant also raises the point of his not having given free and voluntary consent to the search of his car. We do not have to reach or determine this claimed error as the preceding discussion and holding are dispositive.

■ Concerning defendant's claimed error in allowing the victim of the stolen property to testify concerning its value, we hold that the District Court properly allowed that testimony. The evidence presented by the State to prove value of the stolen items was the testimony of the owner, Mr. McClellan. Over defendant's objection on the grounds of insufficient foundation, this owner testified that in his opinion the tires and wheels were worth between $125 and $150. Then on voir dire by defense counsel, McClellan testified that in determining how much to ask in his attempted selling of these items, he priced tires at Jolly Joe's tire dealership and the wheels were priced at Harmon Motors. Defense counsel again objected to the testimony, though defense counsel elicited it, of the prices quoted at Jolly Joe's and the price tags on the wall at Harmon's as being hearsay evidence.

In *State v. Harris,* 30 Utah 2d 439, 519 P.2d 247 (1974), this Court concluded that an owner is competent to testify and that the trier of fact can take its own view to the value of the property in question. This Court stated:

> Value is something at which the jury may take a look. The owner of an article is competent to testify as to its value, and such testimony is admissible, but neither inviolate nor impervious to disbelief. The jury may take a view of the item for excellence or shodiness, and look through the same spectacles at the witness to determine the latter's imagination or credibility,—and the verdict is its as to value. 519 P.2d at 248.

Defendant recognizes that the general rule is that an owner may testify as to the value of his property. He contends though that this rule only applies to owners who possess some expertise with respect to the value or who have a knowledge of the value of their property independent of any third party's opinion. We disagree. In the present case, not only is Mr. McClellan the owner of the stolen property, but he also wanted to sell the property and receive a reasonable amount of money for it. To determine a reasonable asking price, Mr. McClellan compared the prices of like property with his own estimate of the value. This Court's ruling in *State v. Vigil,* 123 Utah 495, 260 P.2d 539 (1953), supports the position taken by the District Court in the present case.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.