The STATE of Utah, Plaintiff
and Respondent,

v.

Selmar PURCELL, Defendant
and Appellant.

No. 20093.

Supreme Court of Utah.

Aug. 8, 1985.

JoAnn B. Stringham, Vernal, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice.

Defendant Selmar Purcell appeals from a jury verdict convicting him of theft for stealing furniture from an apartment he rented, a second degree felony. U.C.A., 1953, §§ 76–6–404, –412(1)(a) (1978 ed.). Purcell alleges that photographs of the stolen furniture were erroneously admitted into evidence without adequate foundation and that the evidence was insufficient to establish either that the furniture was worth more than $1,000, or that he exercised control over it. We affirm the jury's conviction.

On January 28, 1983, Purcell rented a furnished apartment located in the Ashwood Manor Apartments from Claymar Corporation. Sometime in October, 1983, he was evicted for failure to pay rent. After he moved, an employee discovered that the only furniture left in the apartment was a television set.

During a lawful search of Purcell's new residence, officers found furniture that matched the description of the furniture missing from the apartment, although not all of the missing furniture was recovered. The furniture was seized and moved to a storage area at a motel also owned by Claymar. Testimony established that the following day a Claymar employee took photographs of the furniture. Two days later, the furniture was released to Claymar and moved into another apartment. Additional photographs were taken after the furniture was moved out of the storage area. At trial, the pictures were identified by several witnesses as pictures of the property which had been seized from Purcell.

Purcell first asserts that he was unfairly prejudiced by the admission of the photographs because the photographs lacked adequate foundation. He alleges that there were fatal inconsistencies in the testimony as to where, when, and by whom the photographs were taken. This argument is without merit.

We will not reverse a trial court's ruling regarding the admissibility of evidence absent a showing that the error affects a defendant's substantial rights. Utah R.Evid. 103(a). In this case, there is no showing that the trial court admitted

the photographs without adequate foundation. Under Rule 901(b)(1) of the Utah Rules of Evidence, foundation may be laid to authenticate evidence by testimony which establishes that the evidence is what the proponent claims it to be. In general, if a competent witness with personal knowledge of the facts represented by a photograph testifies that the photograph accurately reflects those facts, it is admissible. E. Cleary, *McCormick on Evidence* § 214, at 671 (3d ed. 1984). Here several competent witnesses unequivocally testified that the photographs depicted furniture belonging to Claymar and seized from defendant, and that they were taken after the seizure. Any minor discrepancies in the testimony went only to the details of the time and place the pictures were taken. These discrepancies were explained by the witnesses; moreover, since they were not material to the purpose for which the evidence was introduced, they did not undermine the adequacy of the foundation.

■ Purcell also challenges the sufficiency of the evidence as to the value of the stolen property and whether he exercised control over it. A jury's verdict will be reversed for insufficient evidence only when the evidence, viewed in the light most favorable to the jury's verdict, is so inconclusive or so inherently improbable that a reasonable person must have reasonably doubted a defendant's guilt. *See, e.g., State v. Petree*, Utah, 659 P.2d 443, 444 (1983).

■ The sole evidence relating to the value of the stolen furniture was the apartment manager's testimony that two years earlier the furniture had been purchased new for approximately $2,900 to $3,300, that it was in very good condition, and that at the time of the theft it was probably worth between $1,000 and $1,500. Because an owner is presumed to be familiar with the value of his possessions, an owner is competent to testify on the present market value of his property. *State v. Harris*, 30 Utah 2d 439, 441, 519 P.2d 247, 248 (1974); *State v. Ballenberger*, Utah, 652 P.2d 927, 931 (1982). In this case, the apartment manager was familiar with the cost and condition of the furniture. His situation was sufficiently analogous to that of an owner to permit him to testify regarding the value of the property under his supervision. Moreover, Purcell did not put on any evidence to contradict the manager's valuation of the property. We find that, under these circumstances, there was ample competent evidence concerning the value of the property to support the jury's verdict.

■ We likewise find that the evidence was sufficient to support the jury's finding that the furniture was in Purcell's possession. Purcell's contention is based principally on the fact that he and his wife both testified that the apartment was unfurnished when they moved in. There was evidence to prove that the apartment was fully furnished when Purcell rented it. He paid for a furnished apartment, and Claymar employees saw the furniture in the apartment during Purcell's occupancy. In light of the conflicting evidence, the jury was free to disbelieve Purcell and his wife and conclude that Purcell exercised control over the property. *See State v. Howell*, Utah, 649 P.2d 91, 97 (1982).

Affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.