2005 UT App 482

**STATE of Utah, Plaintiff and Appellant,**

v.

**Lloyd Max RANQUIST, Defendant and Appellee.**

No. 20040835–CA.

Court of Appeals of Utah.

Nov. 10, 2005.

Mark L. Shurtleff, Atty. Gen. and Marian Decker, Asst. Atty. Gen., Salt Lake City, for Appellant.

Michael D. Esplin, Esplin & Weight, Provo, for Appellee.

Before BILLINGS, P.J., DAVIS, and McHUGH, JJ.

AMENDED OPINION [1]

McHUGH, Judge:

¶ 1 The State appeals from an order dismissing, with prejudice, charges against Defendant Lloyd Ranquist for possession of a controlled substance (methamphetamine), a first degree felony, and possession of drug paraphernalia, a class A misdemeanor. *See* Utah Code Ann. §§ 58–37–8(2), (4), 58–37a–5 (2002 & Supp.2004). The State contends that the trial court improperly suppressed evidence obtained upon execution of a warrant issued on the basis of amphetamine residue found in Defendant's curbside garbage five days before the warrant was issued. Because we conclude that the passage of five days did not render the information upon which the warrant was based stale, we reverse.

BACKGROUND

¶ 2 Defendant shared a home with his daughter, Jessica Vest, in Provo, Utah. Vest was arrested by Orem City Police on January 15, 2004, for possession of methamphetamine and drug paraphernalia. On January 21, 2004, the Orem City Police forwarded

1. This Amended Opinion replaces the Opinion in Case No. 20040835–CA issued on September 15, 2005.

information regarding Vest's arrest to Officer Luthy of the Provo City Police Department. That same day, Officer Luthy located the trash container stenciled with Defendant's house number and conducted a search of its contents. The search revealed five small, clear plastic bags, one of which tested positive for amphetamine residue. The search also produced five items of correspondence addressed to Defendant. Officer Luthy then checked Defendant's record and confirmed that he had a prior criminal history involving possession of methamphetamine.

¶ 3 On January 26, 2004, five days after his search of the trash container, Office Luthy obtained a warrant to search Defendant's residence. The warrant was issued on the basis of Officer Luthy's five-paragraph affidavit, which set forth Officer Luthy's training and experience, Vest's recent arrest, the fact that Defendant "has a criminal history for possession of methamphetamine," the results of the trash container search, and a description of the premises. The warrant was executed on February 3, 2004, and methamphetamine and drug paraphernalia were seized from Defendant's residence.

¶ 4 Defendant moved to suppress the evidence on the grounds that Vest's arrest and Defendant's criminal history were irrelevant and that the trash container evidence was stale. The trial court agreed and also rejected the State's reliance on the good faith exception to the warrant requirement. The trial court then entered an order dismissing, with prejudice, the charges against Defendant. The State filed this appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The issue before this court is "whether the magistrate had a substantial basis to conclude that in the totality of the circumstances, the affidavit adequately established probable cause for the issuance of a search warrant." *State v. Hansen,* 732 P.2d 127, 129 (Utah 1987) (per curiam). In search and seizure cases, we review the district court's factual findings "under a clearly erroneous standard." *State v. Brake,* 2004 UT 95,¶ 15, 103 P.3d 699. We review the trial court's legal conclusions for correctness, giving no deference to the court's application of the law to the facts. *See id.* at ¶¶ 12–15; *see also State v. Markland,* 2005 UT 26,¶ 8, 112 P.3d 507.

## ANALYSIS

¶ 6 The facts of this case are quite similar to those addressed by this court in *State v. Jackson,* 937 P.2d 545 (Utah Ct.App.1997). In *Jackson,* the police obtained a search warrant on the basis of items seized in a search of the defendants' curbside garbage. *See id.* at 546. The affidavit in support of the search warrant issued in *Jackson* provided information about (1) the affiant's training in the identification of narcotics and drug-related paraphernalia, (2) the past drug activity of one of the defendants, (3) the garbage collection system employed by the city in which the defendants resided, (4) the search of the defendants' garbage, and (5) the evidence found during that search. *See id.* at 547. The affidavit also included information about a break-in at the defendants' home approximately two months prior to the garbage search, during which several unidentified men demanded drugs and money. *See id.* at 546. The defendants challenged the sufficiency of the affidavit on the grounds that there was no indication when the containers were taken to the street, that a passer-by could have disposed of the incriminating evidence, and that the evidence about the defendants' drug history and about the prior break-in were irrelevant and stale. *See id.* at 547–48.

¶ 7 This court agreed that the warrant in *Jackson* could not be based on the break-in evidence or the past drug activity of one of the defendants. *See id.* at 548. Nevertheless, it upheld the finding of probable cause, stating:

Defendants also argue that the April 1994 forced break-in incident and the prior criminal conviction of defendant Smith constitute stale and irrelevant information, which should not have been considered by the magistrate in making his probable cause determination. We largely agree with defendants in this respect. *However, we are persuaded that the magistrate would have found probable cause even ab-*

*sent any information about the April 1994 incident and Smith's prior conviction.* Thus, defendants' staleness argument, even if well-taken, is not dispositive.

*Id.* (emphasis added); *see also State v. Vigh,* 871 P.2d 1030, 1033 (Utah Ct.App.1994) (stating that presence of stale information about prior convictions not fatal to warrant if affidavit read with that information deleted "nonetheless demonstrates that 'the issuing magistrate had a substantial basis for concluding that there were enough facts within the affidavit to find that probable cause existed' " (citation omitted)).

¶ 8 The issue before this court is whether, reading the affidavit with the information about Vest's arrest and Defendant's prior criminal history deleted, there were enough facts to find that probable cause existed. *See State v. Dable,* 2003 UT App 389,¶ 8, 81 P.3d 783 (concluding that arrest of the defendant in Wyoming for possession of methamphetamine, without more, failed to establish probable cause that drugs were located in her home in Utah); *State v. Brooks,* 849 P.2d 640, 644 (Utah Ct.App.1993) (holding that the arrest of the defendant two years prior to the warrant did nothing to establish that he was now dealing in controlled substances from his home).[2]

¶ 9 Application of the *Jackson* holding to the facts of this case leads to the conclusion that the results of the trash container search could form the basis of a finding of probable cause without consideration of Vest's arrest or Defendant's criminal history. The only significant differences between the facts considered in *Jackson* and those in this case are the time between the garbage search and the request for a warrant and the evidence found in the subject trash containers.

¶ 10 In *Jackson,* the search of the defendants' trash revealed marijuana stems and seeds, a marijuana cigarette, a small amount of marijuana, and "Zig–Zag" papers for rolling cigarettes. *Jackson,* 937 P.2d at 546. The quantity of marijuana found in the trash container was "indicative of personal use." *Id.* The search of Defendant's trash in this case resulted in the discovery of five clear plastic bags, one of which tested positive for amphetamine residue. Because only residue was found, there is no way to determine what quantity of the controlled substance might have been present at the residence. Consequently, information in the affidavit about the residue when considered in a "common sense fashion" can establish no more than the probability of personal use. *State v. Decorso,* 1999 UT 57,¶ 59, 993 P.2d 837; *see id.* at ¶¶ 62–63 (concluding that warrant to search storage unit issued more than a year after murder was reasonable, when considered in a common sense fashion, because nature of the items sought were of the type likely to be kept for long periods).

¶ 11 Without the information about the break-in and the prior conviction, the affidavit in *Jackson* provided facts consistent only with an incident of personal use at the residence. *See* 937 P.2d at 546. This court concluded that was enough to provide probable cause that controlled substances were present on the premises the same day as the trash container search. *See id.* at 548. In this case, however, Officer Luthy waited five days after the search of Defendant's trash container to seek a search warrant. Thus, we must determine whether the passing of that five days rendered the evidence obtained during the search of Defendant's garbage stale. "Staleness issues usually arise when a significant lapse of time occurs between the discovery of information suggesting that evidence of the crime can be found at a particular locale and the magistrate's finding of probable cause or the execution of

**2.** This court rejects the State's invitation to overrule *State v. Brooks,* 849 P.2d 640 (Utah Ct.App. 1993), wherein we held that a defendant's criminal record from two years prior to the determination of probable cause does nothing to establish that controlled substances are likely to be found at the defendant's residence today. *See id.* at 644. Because we hold that there was probable cause to support the warrant here, even without consideration of the prior criminal histories of Vest and Defendant, we need not address that issue. We do note, however, that the vague information provided about Defendant's "criminal history" here is particularly unhelpful because it gives no details that would allow the magistrate to determine the time that has elapsed between the request for a warrant and Defendant's prior arrest for possession of methamphetamine.

the warrant." *State v. Thurman,* 846 P.2d 1256, 1260 (Utah 1993) (concluding that evidence of the defendant's motive to commit murder not stale) (citing *State v. Hansen,* 732 P.2d 127, 131 (Utah 1987) (per curiam); *State v. Stromberg,* 783 P.2d 54, 56–57 (Utah Ct.App.1989) (holding that informant's personal observation of drug use by defendant six weeks prior to warrant not stale where affidavit included facts consistent with protracted and continuous use)). Furthermore, "[a] mere passage of time does not necessarily invalidate the supporting basis for the warrant." *Hansen,* 732 P.2d at 131.

¶ 12 Although the better practice would have been to seek a search warrant immediately upon the discovery of the amphetamine residue in Defendant's trash, we conclude that the passage of an additional five days is not fatal to a finding of probable cause.

## CONCLUSION

¶ 13 Based on the foregoing, we conclude that the order of the trial court granting the motion to suppress is reversed and the matter is remanded to the district court for further proceedings consistent with this ruling.

¶ 14 I CONCUR: JUDITH M. BILLINGS, Presiding Judge.

¶ 15 I CONCUR IN THE RESULT: JAMES Z. DAVIS, Judge.