2007 UT App 367

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert Nicholas DESPAIN, Defendant and Appellant.**

**No. 20060769–CA.**

Court of Appeals of Utah.

Nov. 16, 2007.

Jason Schatz, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Kenneth A. Bronston, asst. atty. gen., Salt Lake City, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate P.J., and BILLINGS, J.

## OPINION

BENCH, Presiding Judge:

¶ 1 Following the trial court's denial of his motion to suppress evidence, Defendant Robert Nicholas Despain pleaded guilty to one count of driving under the influence of alcohol or drugs, *see* Utah Code Ann. § 41–6–44 (2004) (current version at Utah Code Ann. § 41–6a–502 (2005)), and one count of possession of a controlled substance, *see* Utah Code Ann. § 58–37–8(1)(a)(iii) (2002). Defendant now appeals, claiming that the trial court erred (1) by finding that the police officers had probable cause to arrest him for driving under the influence and (2) by admitting evidence produced in a warrantless search of Defendant's vehicle. We conclude that the officers had probable cause to arrest Defendant for driving under the influence of drugs where the arresting officer observed Defendant's slurred speech, received witness reports of Defendant's erratically dangerous driving just prior to the collision, and noted that Defendant had collided with a trailer parked on the side of the road. We also conclude that the officers' search of Defendant's vehicle was justified under the automobile exception to the Fourth Amendment's warrant requirement and that the evidence obtained therein was admissible. Accordingly, we affirm.

## BACKGROUND [1]

¶ 2 On the evening of May 6, 2004, Defendant swerved in and out of his lane of traffic and crashed his car into a trailer parked on the side of the road. Deputy Spotten arrived at the scene and approached Defendant, who was leaning against the trailer. Defendant denied having consumed alcohol or drugs, and Deputy Spotten did not detect the odor of alcohol or marijuana emanating from Defendant. Deputy Spotten observed, however, that Defendant's speech was slurred.

¶ 3 At the scene, three eyewitnesses spoke with Deputy Spotten and described Defendant's driving pattern just prior to the collision. They told Deputy Spotten that Defendant had been driving in an erratic and dangerous manner. Specifically, they indicated that Defendant ran another car off the road, caused the car to hit a reflector post, swerved in front of a semi-truck to make a left-hand turn, nearly hit the semi-truck, and then swerved several times across the entire road before crashing into the back of the parked trailer. Another officer, Sergeant Mazuran, arrived at the scene and observed Defendant's behavior as "panicked."

¶ 4 Based on Defendant's erratically dangerous driving pattern, his collision with a stationary trailer, and his slurred speech and panicked demeanor, the officers determined that they had probable cause to arrest Defendant for driving under the influence of drugs. Because Salt Lake County medical personnel were preparing to transport Defendant to the hospital for treatment of his injuries, Deputy Spotten chose not to administer a field sobriety test and did not inform Defendant at the scene of the collision of his intent to arrest him. Instead, Deputy Spotten followed the ambulance to the hospital and arrested Defendant there, after Defendant had received medical treatment.

¶ 5 Prior to Defendant's transport to the hospital, Deputy Spotten received reports from Salt Lake County medical personnel that Defendant was acting paranoid. They indicated to Deputy Spotten that Defendant repeatedly expressed concern about the contents of his car and that Defendant had locked his car to keep people out. Defendant's unusually great concern about the contents of his vehicle increased Deputy Spotten's suspicions because this concern was inconsistent with the deputy's prior law enforcement experience with victims of car accidents. Deputy Spotten retrieved the keys from Defendant and unlocked the door of the car. After the car was unlocked, and before any search was performed, two individuals arrived and claimed to be related to Defendant. The individuals went to the car and one attempted to retrieve a backpack from the back seat. Upon Deputy Spotten's instruction to stop, the individual returned the backpack to the car.

¶ 6 At that point, Sergeant Mazuran began searching Defendant's car. As he found particular items in the vehicle, Sergeant Mazuran took the items to Deputy Spotten and told him where the items had been found. Sergeant Mazuran's search of the vehicle produced a bag of marijuana from the driver's side door compartment, a backpack, and a box. A search of the backpack revealed marijuana that had been prepared for distribution, and a search of the box revealed a quantity of methamphetamine.

¶ 7 The trial court concluded that Deputy Spotten had probable cause to arrest Defendant for driving under the influence, although the actual arrest did not occur until after the search of Defendant's vehicle. The trial court ruled that although the prosecution failed to present sufficient information to determine whether the search was an inventory search pursuant to departmental policy, the contraband in the vehicle would have been inevitably discovered after the vehicle had been impounded. The trial court therefore determined that the evidence produced in the search of Defendant's vehicle was admissible pursuant to the inevitable discovery rule. On appeal, the State concedes that the inevitable discovery rule is not applicable

---

1. "We recite the facts in the light most favorable to the trial court's findings from the suppression hearing." *State v. Giron*, 943 P.2d 1114, 1115 (Utah Ct.App.1997) (internal quotation marks omitted).

because there is no evidence that the vehicle would have been searched a second time after impound. The State argues, however, that the decision to admit the evidence should be affirmed because the warrantless search of Defendant's vehicle was justified under the automobile exception to the Fourth Amendment.

## ISSUES AND STANDARD OF REVIEW

¶ 8 Defendant challenges the trial court's finding of probable cause to arrest him for driving under the influence of drugs and the admissibility of evidence found during the warrantless search of his vehicle. "In search and seizure cases, we review the district court's factual findings 'under a clearly erroneous standard.' " *State v. Ranquist,* 2005 UT App 482, ¶ 5, 128 P.3d 1201 (quoting *State v. Brake,* 2004 UT 95, ¶ 15, 103 P.3d 699); *see also State v. Dorsey,* 731 P.2d 1085, 1088 (Utah 1986) ("The trial court's findings as to the facts and circumstances pertaining to probable cause will not be overturned on appeal unless it appears that the trial court clearly erred."). However, "[w]e review the trial court's legal conclusions for correctness, giving no deference to the court's application of the law to the facts." *Ranquist,* 2005 UT App 482, ¶ 5, 128 P.3d 1201.

## ANALYSIS

### I. Probable Cause to Arrest

¶ 9 Defendant claims that Deputy Spotten lacked probable cause to arrest him for driving under the influence because Deputy Spotten relied only on reports of Defendant's erratic driving, did not conduct a field sobriety test, and could not detect the odor of alcohol or marijuana on Defendant's person.[2] "[T]o justify a warrantless arrest 'an officer must have probable cause . . . to believe that the suspect has committed or is committing

an offense.' " *State v. Hechtle,* 2004 UT App 96, ¶ 10, 89 P.3d 185 (omission in original) (quoting *State v. Trane,* 2002 UT 97, ¶ 26, 57 P.3d 1052). "[P]robable cause is only the probability, and not a prima facie showing, of criminal activity," *State v. Spurgeon,* 904 P.2d 220, 227 (Utah Ct.App.1995) (internal quotation marks omitted), and " 'it does not demand any showing that such a belief be correct or more likely true than false,' " *State v. Griffith,* 2006 UT App 291, ¶ 7, 141 P.3d 602 (quoting *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)). "The validity of the probable cause determination is made from the objective standpoint of a 'prudent, reasonable, cautious police officer . . . guided by his experience and training.' " *State v. Dorsey,* 731 P.2d 1085, 1088 (Utah 1986) (omission in original) (quoting *United States v. Davis,* 458 F.2d 819, 821 (D.C.Cir.1972)). "However, we do not examine these facts in isolation, but rather, we examine the totality of the circumstances." *Hechtle,* 2004 UT App 96, ¶ 11, 89 P.3d 185.

¶ 10 Under the totality of the circumstances, Deputy Spotten had sufficient probable cause to believe that Defendant had been driving under the influence of drugs. A person is guilty of driving under the influence if the person "operate[s] or [is] in actual physical control of a vehicle . . . [and] the person . . . is under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree that renders the person incapable of safely operating a vehicle." Utah Code Ann. § 41–6–44(2)(a)(ii) (2004) (current version at Utah Code Ann. § 41–6a–502(1)(b) (2005)). Several facts provided Deputy Spotten with probable cause to believe that Defendant had committed this crime: Defendant had been driving in an erratic and dangerous manner; Defendant had slurred speech; and Defendant ended

---

2. Defendant argues that the absence of certain physical signs, such as bloodshot eyes and noticeable odors on the breath or person, prevents an officer from having probable cause to arrest a person for driving under the influence. The absence of such signs, however, does not foreclose a determination of probable cause. Other objective signs and factors, particularly when viewed under the totality of the circumstances, may legitimately give rise to probable cause to believe that a person has driven under the influence of alcohol or drugs. Furthermore, some illegal drugs do not produce physical side effects, such as bloodshot eyes, or leave strong odors after use. Thus, the absence of these particular physical signs may, in conjunction with other evidence of impairment, indicate nothing more than that a given person is under the influence of drugs other than alcohol or marijuana.

his dangerous driving in an unusual accident- a single-car collision with a trailer parked on the side of the road. Therefore, Deputy Spotten was justified in making a warrantless arrest of Defendant.

## II. Admissibility of the Evidence

¶ 11 Defendant claims that the trial court erred by concluding that the inevitable discovery doctrine justified the admission into evidence of items produced during the officers' warrantless search of his vehicle. The State concedes this point but argues that we may affirm the admission of the evidence under the automobile exception to the Fourth Amendment's warrant requirement. "[A]n appellate court may affirm the judgment appealed from 'if it is sustainable on any legal ground or theory apparent on the record.'" *Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158 (quoting *Dipoma v. McPhie*, 2001 UT 61, ¶ 18, 29 P.3d 1225). This remains true "'even though such ground or theory ... was not raised in the lower court[ ] and was not considered or passed on by the lower court.'" *Id.* (quoting *Dipoma*, 2001 UT 61, ¶ 18, 29 P.3d 1225).

¶ 12 Although Defendant mentioned both the Utah and United States Constitutions in his opening brief, he did not conduct a separate analysis of the protections afforded by each. In fact, when responding to the State's arguments regarding the automobile exception, the only constitutional provision Defendant explicitly referenced was the Fourth Amendment of the United States Constitution. Utah appellate courts "have repeatedly refrained from engaging in state constitutional law analysis unless 'an argument for different analyses under the state and federal constitutions is briefed.'" *State v. Worwood*, 2007 UT 47, ¶ 16, 164 P.3d 397 (quoting *State v. Lafferty*, 749 P.2d 1239, 1247 n. 5 (Utah 1988)). Although "there is no magic formula for an adequate state constitutional analysis," the briefing requirements could be met by "[a]rguments based, for example, on historical context, the constitution's text, public policy, or persuasive authority." *Id.* ¶ 18. Regardless of the particular argument chosen, the analysis for state and federal constitutional claims must be

"distinct" and "separate" or otherwise "suggest[ ] that the two constitutional protections are anything but coextensive." *Id.* ¶ 19. In the absence of a separate and distinct argument under the Utah Constitution, we consider Defendant's claims only under the Federal Constitution.

¶ 13 Under the Fourth Amendment of the United States Constitution, law enforcement officers must obtain a warrant before conducting a search. *See* U.S. Const. amend. IV. However, the automobile exception to the warrant requirement provides that "'[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.'" *Maryland v. Dyson*, 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (per curiam) (omission in original) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam)). This exception permits an officer to search not only the vehicle, but also "'its contents that may conceal the object of the search[,]' .... [including] all containers within a car," *Wyoming v. Houghton*, 526 U.S. 295, 301, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999) (quoting *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)), "without a showing of individualized probable cause for each one," *id.* at 302.

¶ 14 Admittedly, federal law has fluctuated in the past with respect to the exact conditions that justify a warrantless search under the automobile exception to the Fourth Amendment. Under our earlier reading of the underlying federal case law, Utah courts concluded that a warrantless search of a vehicle was not proper unless there was both probable cause to believe that the vehicle contained contraband and exigent circumstances indicating a likelihood that the evidence may be destroyed or lost if not immediately seized. *See, e.g., State v. Christensen*, 676 P.2d 408, 411 (Utah 1984); *State v. Limb*, 581 P.2d 142, 144 (Utah 1978); *State v. Droneburg*, 781 P.2d 1303, 1305 (Utah Ct.App.1989). More recently, however, federal law has been clarified. The United States Supreme Court has now unequivocally stated that "under [its] established

precedent, the 'automobile exception' has no separate exigency requirement." *Dyson,* 527 U.S. at 466, 119 S.Ct. 2013.

¶ 15 Similarly, the Supreme Court has also clarified that, "although ready mobility alone was perhaps the original justification for the vehicle exception, our later cases have made clear that ready mobility is not the only basis for the exception." *California v. Carney,* 471 U.S. 386, 391, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Thus, "[e]ven in cases where an automobile [is] not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justifie[s] application of the vehicular exception." *Id.* As one commentator has stated, "if it appears that the car has only recently and suddenly become disabled (perhaps as a result of an accident . . . ), then it seems likely" that the automobile exception is applicable because while "the car is not 'readily mobile,' . . . its recent use as transportation established the 'reduced expectation of privacy.'" 3 Wayne R. LaFave, *Search and Seizure,* § 7.2(b), at 555 (4th ed.2004).

¶ 16 The officers' search of Defendant's vehicle was justified under the automobile exception to the Fourth Amendment's warrant requirement because the officers had probable cause to believe that Defendant's vehicle contained contraband. Eyewitnesses gave Deputy Spotten accounts of Defendant's erratic driving pattern just prior to the accident. Paramedics also informed Deputy Spotten that Defendant was "acting paranoid" and that he was "continually worried about his car." Defendant locked his car to keep people out. The individuals summoned by Defendant to the accident scene attempted to enter the car and remove items from it prior to its impound. In Deputy Spotten's experience, this sort of behavior was inconsistent with the behavior of other accident victims, who are primarily concerned about their injuries and what is going to happen to them, only later becoming concerned about the car and items therein. Because these facts gave the officers probable cause to believe that the vehicle contained contraband, the warrantless search was valid and the evidence produced therefrom was properly admitted.

## CONCLUSION

¶ 17 We conclude that Deputy Spotten had probable cause to arrest Defendant for driving under the influence of drugs where he observed Defendant's slurred speech, received witness reports of Defendant's dangerous and erratic driving just prior to the collision, and observed that Defendant had collided with a trailer parked on the side of the road. We also conclude that the officers' search of Defendant's vehicle was justified under the automobile exception to the Fourth Amendment's warrant requirement because the officers had probable cause to believe that Defendant's vehicle contained contraband. Thus, the evidence obtained through that search was admissible.

¶ 18 We therefore affirm.

¶ 19 I CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge.

¶ 20 I CONCUR, EXCEPT THAT AS TO SECTION II, I CONCUR ONLY IN THE RESULT: JUDITH M. BILLINGS, Judge.