2016 UT App 97

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
TIM G. WAGER,
Appellant.

Opinion
No. 20140812-CA
Filed May 12, 2016

Third District Court, Salt Lake Department
The Honorable Denise P. Lindberg
No. 121908651

Paul E. Remy, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGE MICHELE M. CHRISTIANSEN and SENIOR JUDGE RUSSELL W.
BENCH concurred.[1]

VOROS, Judge:

¶1    Tim G. Wager was convicted of possession of
methamphetamine and marijuana. The principal issue on appeal
concerns the authentication at trial of a photograph obtained
from Wager's ex-girlfriend. The photograph appears to show
Wager sitting in his bathroom smoking a meth pipe.
Uncontroverted trial testimony established that the person in the
photograph was Wager and that the bathroom in the

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

photograph was his bathroom. The trial court admitted the photograph. We affirm.

BACKGROUND

¶2    Wager testified during cross-examination that no one had used drugs at his residence. In rebuttal, the prosecution offered a photograph taken by an informant (Wager's ex-girlfriend) showing Wager sitting in a bathroom holding in one hand what appears to be a meth pipe to his mouth and in the other a small torch. Wager objected to the admission of the photograph and argued that it lacked sufficient authentication in violation of rule 901 of the Utah Rules of Evidence. Specifically, he argued that the State did not have a witness with personal knowledge of the contents of the photograph.

¶3    The State proffered the testimony of a police detective who had taken a photograph of Wager's bathroom during his search of Wager's residence and would testify that the informant's photograph accurately depicted Wager in that bathroom. Wager argued that although the detective could accurately identify the bathroom, he could not testify to the activity depicted in the photograph. The trial court overruled the objection and admitted the photograph.

¶4    The jury convicted Wager of possession of methamphetamine, which was enhanced to a second-degree felony, and possession of marijuana, a class A misdemeanor. *See* Utah Code Ann. § 58-37-8(2) (LexisNexis 2012). He was sentenced to one to fifteen years for the methamphetamine possession and 365 days for the marijuana possession. The court suspended the sentence and ordered Wager to serve ten days in jail and three years on probation.

ISSUES ON APPEAL

¶5    First, Wager contends that the trial court erred by "admitting, without authentication, a prejudicial photograph purported to be [Wager] using drugs."

¶6    Second, Wager contends that the trial court failed to address his objection to the photograph under rule 608 of the Utah Rules of Evidence.

¶7    Third, Wager contends that the trial court erred in admitting the photograph because, without evidence of the date it was taken, the photograph was irrelevant.

¶8    Fourth, Wager contends that the trial court erred by failing to mention, address, or follow rules 1002, 1004, and 1007 of the Utah Rules of Evidence.

¶9    Finally, Wager contends that the trial court erred because the photograph, "if indeed offered as a specific incident of criminal conduct, should have been handled by a Motion in Limine."

ANALYSIS

I. Authentication

¶10   Wager contends that the trial court erred by "admitting, without authentication, a prejudicial photograph purported to be [Wager] using drugs." This court grants a trial court "broad discretion to admit or exclude evidence and will disturb its ruling only for abuse of discretion." *Robinson v. Taylor*, 2015 UT 69, ¶ 8, 356 P.3d 1230 (citation and internal quotation marks omitted).

¶11   "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the

proponent claims it is." Utah R. Evid. 901(a). Such evidence may include "testimony of a witness with knowledge." *Id.* R. 901(b)(1). "[I]f a competent witness with personal knowledge of the facts represented by a photograph testifies that the photograph accurately reflects those facts, it is admissible." *State v. Purcell*, 711 P.2d 243, 245 (Utah 1985).

¶12     "Proper authentication does not require conclusive proof but, instead, requires only that the trial court determine that there is evidence sufficient to support a finding of the fulfillment of [a] condition of fact." *State v. Woodard*, 2014 UT App 162, ¶ 17, 330 P.3d 1283 (alteration in original) (citation and internal quotation marks omitted). Thus, the trial court performs a "screening function." *Id.* (citation and internal quotation marks omitted). If the evidence is admitted, it then falls to the jury to determine "whether the evidence is in fact authentic." *Id.* (citation and internal quotation marks omitted).

¶13     In *State v. Bloomfield*, this court stated that "[t]he general rule in Utah is that when 'a competent witness with personal knowledge of the facts represented by a photograph . . . testifies that the photograph accurately reflects those facts, it is admissible.'" *State v. Bloomfield*, 2003 UT App 3, ¶ 24, 63 P.3d 110 (quoting *Purcell*, 711 P.2d at 245). A surveillance camera recorded Bloomfield robbing a restaurant. *Id.* ¶ 22. At trial, a detective testified that he had obtained the videotape from the restaurant employees the night of the robbery and that it accurately depicted the interior of the restaurant that night. *Id.* He also identified Bloomfield in the video. *Id.* His testimony of the restaurant's interior was "substantially corroborated" by an eyewitness of the robbery. *Id.* ¶ 24.

¶14     On appeal, this court held that although the detective "lacked personal knowledge as to the actual events as they occurred," he knew the videotape had been given to him the night of the incident and that the interior of the restaurant shown on the video matched his knowledge of it. *Id.* The detective's knowledge sufficiently supported a finding that "the

matter in question [was] what its proponent claim[ed]." *Id.* (alterations in original) (citation and internal quotation marks omitted). In addition, an eyewitness corroborated the activity depicted on the tape. *Id.*

¶15    The case before us presents similar facts, though without the corroboration. The detective had not witnessed the event depicted in the photograph, but knew that the photograph had been given to him by an informant and that it depicted Wager and his bathroom. No trial witness saw the event depicted in the photograph. But we conclude that additional eyewitness testimony is not necessary for proper authentication. The Washington Court of Appeals has held that photographs were adequately authenticated when a witness identified the individuals in the photographs, their approximate ages, and the location depicted. *See State v. Sapp*, 332 P.3d 1058, 1062 (Wash. Ct. App. 2014) (interpreting the substantively similar Washington Rule of Evidence). Thus, Washington "does not require photographs and other recordings to be authenticated by a witness present for their creation." *Id.* Our supreme court tacitly followed the same rule in affirming the admission of photographs of stolen property based on testimony "that the photographs depicted furniture belonging to [the victim] and seized from defendant, and that they were taken after the seizure." *Purcell*, 711 P.2d at 245.[2]

¶16    Here, the detective was not the photographer and did not witness the events depicted in the photograph. But he had talked

---

2. A more exacting rule could yield incongruous results. Imagine, for example, a photograph depicting a murder suspect standing over the recognizable corpse of a murder victim, holding the apparent murder weapon, in the room where the victim's body was later found. Excluding this photograph on the ground that no one had witnessed and could be called to testify to the event it depicts would impose a high cost on the justice system without serving a rational purpose.

to Wager in person, searched Wager's residence, and taken his own photograph of Wager's bathroom. Thus, the trial court could reasonably conclude that he possessed sufficient personal knowledge to testify that the informant's photograph fairly and correctly depicted Wager and his bathroom. Based on this testimony, a reasonable juror could find the photograph authentic based on the comparison evidence—i.e., the detective's own photograph—and the circumstantial evidence, which included the detective's uncontroverted testimony.

¶17 The trial court properly fulfilled its screening function and acted within its discretion in ruling that the photograph met the standard for authentication.

## II. Wager's Remaining Claims Are Inadequately Briefed and Unpreserved

¶18 Wager contends that the trial court failed to address his objection to the photograph under rule 608 of the Utah Rules of Evidence.

¶19 Rule 24 of the Utah Rules of Appellate Procedure states that the appellant's brief "shall contain the contentions and reasons with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9). "An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138 (citation and internal quotation marks omitted).

¶20 Wager's argument that the trial court failed to address his rule 608 objection consists of a single paragraph without citation to the record or legal authority other than rule 608. Moreover, our own review of the record reveals that the trial court addressed Wager's rule 608 objection twice. We therefore decline to further address Wager's inadequately briefed rule 608 argument.

¶21 Wager next contends that the trial court erred in admitting the photograph because it was "completely irrelevant." It was irrelevant, he argues, because the detective "was not able to testify that [the photograph] was taken on the date alleged in the information."

¶22 Under the foregoing authorities, we decline to address this issue on the ground that it is inadequately briefed. In any event, the photograph's relevance did not depend on its date. Wager had testified that he would not allow drug use in the house, that he had never smelled any drug use in the house, and that no one had used meth in his house from the time he moved in to the time the police came. Because the photograph appearing to show Wager smoking a meth pipe in his bathroom tended to make Wager's testimony "less probable than it would be without the evidence," it was relevant. *See* Utah R. Evid. 401(a); *cf. State v. Purcell*, 711 P.2d 243, 245 (Utah 1985) ("Any minor discrepancies in the testimony went only to the details of the time and place the pictures were taken. . . . [S]ince they were not material to the purpose for which the evidence was introduced, they did not undermine the adequacy of the foundation.").

¶23 Wager next contends that the trial court erred by failing to mention, address, or follow rules 1002, 1004, and 1007 of the Utah Rules of Evidence. Rule 1002 states that "an original . . . photograph is required to prove its content." Rules 1004 and 1007 state exceptions to this rule.

¶24 We decline to address this unpreserved issue. An appellant's brief must contain a "citation to the record showing that the issue was preserved in the trial court; or . . . a statement of grounds for seeking review of an issue not preserved in the trial court." Utah R. App. P. 24(a)(5). To preserve an issue for appeal, "the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citations, and quotation marks omitted). This means that "(1)

the issue must be raised in a timely fashion, (2) the issue must be specifically raised, and (3) the challenging party must introduce supporting evidence or relevant legal authority." *Id.* (brackets, citation, and internal quotation marks omitted). "We will not address the merits of an argument that has not been preserved absent either plain error or exceptional circumstances." *Duke v. Graham*, 2007 UT 31, ¶ 28, 158 P.3d 540.

¶25    Here, Wager fails to cite to the record to show that the issue was preserved in the trial court. In reviewing the record, we note that the question of originality was never mentioned, let alone timely and specifically raised with supporting evidence or legal authority. And Wager fails to offer any grounds that would justify our review of this issue.

¶26    Wager next contends that the trial court erred because the photograph, "if indeed offered as a specific incident of criminal conduct, should have been handled by a Motion in Limine." Wager apparently refers to rule 404(b) of the Utah Rules of Evidence, which prohibits the admission of "evidence of a crime . . . to prove a person's character" except under certain circumstances and with "reasonable notice." Utah R. Evid. 404(b). Wager again fails to cite to the record to show that the issue was preserved in the trial court. And our review of the record shows that rule 404(b) was never mentioned in connection with the photograph. In addition, Wager's brief fails to provide any citation to the record or legal authorities. The rule 404(b) issue is therefore unpreserved and inadequately briefed, and we do not address it further.

CONCLUSION

¶27    For the reasons stated above, the judgment of the trial court is affirmed.

───────────