# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 73220-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| LORI ANN HARGROVE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 29, 2016 |
| | ) | |

LAU, J. — A jury convicted Lori Hargrove of unlawful possession of a controlled substance and bail jumping. Hargrove appeals her conviction for bail jumping. She contends the State presented insufficient evidence to support the conviction. We disagree and affirm.

## FACTS

On April 25, 2014, the State charged Lori Hargrove with possession of methamphetamine. On December 11, 2014, the State amended the information to add one count of bail jumping when she failed to appear for a November 13, 2014 trial confirmation hearing.

At the January 13, 2015 trial, the State offered and the court admitted 6 certified court documents as Exhibits 6-11. Exhibit 6 is May 22, 2014 Skagit County District Court minute entries indicating Hargrove's arraignment on the drug possession charge. The exhibit states Hargrove was arraigned, advised of her constitutional rights, and released upon her promise to appear. The exhibit also indicates Hargrove was ordered to appear for a court hearing scheduled May 30, 2014, at 9:30 am. The bottom of the form provides "Notice to Defendant" and "Defendant's Statement":

> NOTICE TO DEFENDANT:
> 1. IF YOU FAIL TO COMPLETE THE ABOVE ACTION BY THE TIME ABOVE INDICATED, AND/OR FAIL TO APPEAR AT THE TIME SCHEDULED, A WARRANT FOR YOUR ARREST WILL BE ISSUED WITHOUT FURTHER NOTICE TO YOU, AND YOU MAY BE CHARGED WITH AN ADDITIONAL CRIMINAL OFFENSE OF "BAIL JUMPING", AND IF THE CHARGE AGAINST YOU IS A TRAFFIC OFFENSE, YOUR DRIVER'S LICENSE WILL BE SUSPENDED.
>
> DEFENDANT'S STATEMENT:
> I AGREE TO COMPLY WITH THE ABOVE ORDER, WHICH I HAVE READ, OR AGREE TO READ. I UNDERSTAND THAT EACH TERM OF THIS ORDER MARKED WITH AN "X" APPLIES TO ME.

Ex. 6. "Lori A. Hargrove" signed her name on the defendant's signature line immediately beneath the notice and statement.

Exhibit 7 is a copy of the information charging Hargrove with possession of a controlled substance. The information included Hargrove's Department of Corrections (DOC) number, case number, birth date, and physical description.

Exhibit 8 is a court order filed June 13, 2014, quashing a warrant entered in this case and setting dates and conditions of release. The order included the warning:

> FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN IMMEDIATE ARREST. FAILURE TO APPEAR AT DATES SET ABOVE OR SUBSEQUENTLY SET PROVIDES A BASIS FOR FELONY BAIL JUMPING CHARGES.

Ex. 8. The signature of "Lori A. Hargrove" appears immediately beneath this warning, acknowledging "copy received". The order includes Hargrove's name, case number, and residence address.

Exhibit 9 is an order entered October 29, 2014, striking all previously scheduled dates and setting new dates for Hargrove's possession of a controlled substance charge. The order indicates a trial confirmation date of November 13, 2014, trial on November 17, 2014, and time for trial date of December 17, 2014. The order was signed by "Lori A. Hargrove." Ex. 9. The order contains Hargrove's name and case number.

Exhibit 10 is a court order directing the clerk to issue a bench warrant for Hargrove's arrest based on her failure to appear at the November 13 trial confirmation hearing. It contains Hargrove's name and case number.

Exhibit 11 is a copy of the criminal clerk's minutes for Skagit County Superior Court, indicating a bench warrant was ordered based on Hargrove's failure to appear at the November 13 hearing.

Hargrove's community corrections officer (CCO), Marlanea Aspden, identified Hargrove in open court. The jury convicted Hargrove on both counts. Based on an offender score of 7, the court sentenced Hargrove to 12 months on the possession charge and 33 months on the bail jumping charge, both to be served concurrently. Hargrove appeals her conviction for bail jumping.

## ANALYSIS

Hargrove challenges the sufficiency of the evidence for her bail jumping conviction. Due process requires the State to prove beyond a reasonable doubt all

facts of the charged crime. State v. W.R., Jr., 181 Wn.2d 757, 761-62, 336 P.3d 1134 (2014); In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). When reviewing a challenge to the sufficiency of the evidence, we are highly deferential to the jury's decision, and we do not consider questions of credibility, persuasiveness, or conflicting testimony. State v. Davis, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). To determine the sufficiency of the evidence, the test is whether, "after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Davis, 182 Wn.2d at 227 (quoting State v. Hosier, 157 Wn.2d 1, 8, 133 P.3d 936 (2006)). All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant. Davis, 182 Wn.2d at 227. We view circumstantial and direct evidence as equally reliable. State v. Ozuna, 184 Wn.2d 238, 359 P.3d 739, 745 (2015).

To prove the charge of bail jumping, the State must show Hargrove was "released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance" before the court and that she then failed to appear. RCW 9A.76.170(1). In addition to proving the defendant's knowledge of a required subsequent personal appearance, the State must also prove the person on trial is the same person who failed to appear at the prior hearing. State v. Huber, 129 Wn. App. 499, 502-03, 119 P.3d 388 (2005).

Hargrove relies on Huber. The State charged Wayne Huber with bail jumping after his failure to appear on an unrelated charge. The bail jumping charge was tried separately from the underlying charges. At trial, the State offered and the court

admitted four certified court documents, (1) an information charging Huber with violating a protection order and tampering with a witness, (2) a court order requiring him to appear on July 10, 2003, (3) clerk's minutes indicating Huber failed to appear, and (4) the bench warrant. The State called no witnesses, and made no attempt to prove that the exhibits related to the same Wayne Huber that was on trial. Huber, 129 Wn. App. at 501.

On appeal, Division Two of this court reversed his conviction. The court reasoned the State failed to establish the defendant's identity because it did not link the Wayne Huber named in the certified court documents to the defendant on trial:

> To sustain this burden when criminal liability depends on the accused's being the person to whom a document pertains. . . . the State must do more than authenticate and admit the document; it also must show beyond a reasonable doubt "that the person named therein is the same person on trial." Because "in many instances men bear identical names," the State cannot do this by showing identity of names alone. Rather, it must show, by "evidence independent of the record," that the person named therein is the defendant in the present action.
>
> The State can meet this burden in a variety of specific ways. Depending on the circumstances, these may include otherwise-admissible booking photographs, booking fingerprints, eyewitness identification, or, arguably, distinctive personal information. But the State does not meet its burden merely because the defense opts not to present evidence; if the State presents insufficient evidence, the defendant's election not to rebut it does not suddenly cause it to become sufficient.

Huber, 129 Wn. App. at 502-03 (footnotes omitted).

Likewise, in State v. Santos, 163 Wn. App. 780, 260 P.3d 982 (2011), Division Three of this court reversed the defendant's conviction for felony driving under the influence. To prove the charge, the State had to prove the existence of four prior DUIs within a given time frame. At trial, the State presented the defendant's prior judgments

and sentences bearing the name "Santos, Heraquio" or "Heraquio Santos." But the State provided no evidence linking those judgements to the defendant on trial.

The court concluded there was nothing in the exhibits that could be compared to Santos "by simple observation" to determine identity. Similarly, "[t]he State produced no evidence of Mr. Santos's address, birth date, or criminal history," and offered no photographs of the defendant for comparison. Santos, 163 Wn. App. at 785.

Hargrove claims the State presented the same kind of documentary evidence found insufficient in Huber and Santos. In her view, without a witness to identify her as the one who signed the certified court documents, or an expert to match her signature, the State could not prove the same person who was on trial signed the documents. She also contends the State failed to establish that she knew about a required subsequent personal court appearance.

We disagree. Unlike in Huber, Hargrove was tried for the underlying charge of unlawful possession of a controlled substance in the same proceeding as the bail jumping charge. During trial, Hargrove's community corrections officer, Marlanea Aspden, identified Hargrove in open court and provided her DOC number. She testified she was personally involved in arresting Hargrove on the underlying charge.

On appeal, Hargrove does not challenge the adequacy of her CCO's in-court identification. Unlike in Santos, the certified documents admitted here all relate to the same proceeding, and bore the same cause number and same signature of "Lori A. Hargrove." In Santos, the documents were prior judgments and sentences from unrelated proceedings listing inconsistent versions of the defendant's name and date of

birth. Hargrove's unique DOC number appears next to the case number in the original and amended information. Huber and Santos are unpersuasive.

The in-court identification of Hargrove, and the documents admitted at trial, support the rational circumstantial inference that the person named in the documents was the person who failed to appear on November 13, and was the same defendant at trial. This evidence also supports the reasonable inference that by signing the order setting the November 13 hearing, Hargrove knew of a mandatory subsequent personal court appearance. Considered in the light most favorable to the State, we conclude sufficient evidence exists to support Hargrove's bail jumping conviction.[1] The trial court properly dismissed Hargrove's motion to dismiss. We affirm.

_____

WE CONCUR:

_____

Trickey, J

_____

---

[1] Furthermore, a "solid" connection between different counts can constitute independent evidence that all counts relate to the same person. State v. Brezillac, 19 Wn. App. 11, 14, 573 P.2d 1343 (1978).