[No. 34364.   Department One.   July 31, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST MILTON KELLY, *Appellant*.[1]

[1]Reported in 328 P. (2d) 362.

*John Ranquet*, for appellant.

*Charles O. Carroll* and *James J. Caplinger*, for respondent.

HUNTER, J.—Ernest Milton Kelly, alias Joe E. Kelly, was convicted of the crime of burglary in the second degree in the superior court of King county, on March 5, 1957. Thereafter, prior to imposition of judgment and sentence, the prosecuting attorney filed a supplemental information charging the defendant, under RCW 9.92.090, with being an habitual criminal. The supplemental information charged the defendant with having been previously convicted of robbery and grand larceny under the name of *Joseph Kelly*, in the superior court of Yakima county, Washington, on March 6, 1941, and the crime of assault in the first degree, under the name of *Ernest Milton Kelly*, alias *Joe E. Kelly*, in the superior court of King county, Washington, on December 22, 1944.

The defendant entered a plea of not guilty to the charge of being an habitual criminal. At the conclusion of the trial, the jury returned a verdict to the effect that the defendant had been convicted of the crimes charged in the supplemental information. After the defendant's motion for arrest of judgment or a new trial was denied, the trial court sentenced the defendant to life imprisonment. This appeal followed.

A charge of being an habitual criminal under RCW 9.92.090 does not constitute an offense in itself, but merely

provides an increased punishment for the last offense. *In re Williams v. Smith*, 25 Wn. (2d) 273, 171 P. (2d) 197 (1946); *State v. Johnson*, 194 Wash. 438, 78 P. (2d) 561 (1938). In order to establish the *status* of an accused as an habitual criminal, it is necessary for the state to prove: (1) the prior judgments of convictions; (2) that the person named therein is the same person on trial. *State v. Harkness*, 1 Wn. (2d) 530, 96 P. (2d) 460 (1939).

Although the legislature, in this state, has not by statute prescribed the exact procedure to be followed in an habitual criminal proceeding, a proceeding has developed through the years by reason of the decisions of this court on the subject. Some of these cases, among others, are: *State v. Johnson*, 194 Wash. 438, 78 P. (2d) 561 (1938); *State v. Courser*, 199 Wash. 559, 92 P. (2d) 264 (1939); *State v. Harkness*, 1 Wn. (2d) 530, 96 P. (2d) 460 (1939); *State v. Domanski*, 9 Wn. (2d) 519, 115 P. (2d) 729 (1941); *State v. O'Dell*, 46 Wn. (2d) 206, 279 P. (2d) 1087 (1955).

The procedure followed by the respondent to establish the appellant's *status* as an habitual criminal was as follows:

Records of the Washington state penitentiary were introduced and admitted, over objection, as exhibits No. 30 and No. 31, *for the purpose of establishing the identity of the appellant* as the individual convicted of the crimes charged in the supplemental information. Each exhibit consisted of (1) a certificate of B. J. Rhay, the warden of the Washington state penitentiary; (2) a certificate of Judge Albert N. Bradford, superior court of Walla Walla county, Washington; (3) a photograph; (4) fingerprint record; (5) a copy of a sentence and judgment of the proper superior court in this state; and, (6) a copy of the warrant of commitment. The judgments and sentences in the exhibit were admitted with the understanding that *properly certified copies* of the judgments would be introduced and admitted into evidence later in the proceeding. These certified copies were later admitted as exhibits No. 28 and No. 29 *to prove the convictions*. A fingerprint expert, who had taken the ap-

pellant's fingerprints prior to trial, testified that he compared these prints with the prints in the certified copies of the prison records and that they were made by the same man.

Appellant contends the trial court erred in admitting in evidence, over his objection, exhibits No. 30 and No. 31, and that without these exhibits the respondent failed to prove the required identity to establish his *status* as an habitual criminal. In view of the fact that the argument of the appellant against specific documents in each exhibit is the same, we need only concern ourselves with one of the exhibits, which we will hereinafter refer to as exhibit No. 31.

First, in reference to the entire exhibit, the appellant contends that the certificate of Judge Bradford certifying the signature of the warden lacks the seal of the court and, therefore, renders the exhibit inadmissible for failure to comply with Rule of Pleading, Practice, and Procedure 38, 34A Wn. (2d) 103, which provides:

"(1) *Authentication of Copy.* An official record or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody. If the office in which the record is kept is within the United States or within a territory or insular possession subject to the dominion of the United States, the certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office. If the office in which the record is kept is in a foreign state or country, the certificate may be made by a secretary of embassy or legation, consul general, consul, vice-consul, or consular agent or by any officer in the foreign service of the United States stationed in the foreign state or country in which the record is kept, and authenticated by the seal of his office.

" . . .

"(3) *Other Proof.* This rule does not prevent the proof of official records or of entry or lack of entry therein by any

*method authorized by an applicable statute*, or by the rules of evidence at common law." (Italics ours.)

The italicized portion of subsection (3) is controlling in this case. The applicable statute in this case is RCW 5.44-.040, Rem. Rev. Stat., § 1257, which provides as follows:

"Certified copies of public records as evidence. Copies of all records and documents on record or on file in the offices of the various departments *of the United States and of this state, when duly certified by the respective officers having by law the custody thereof*, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state." (Italics ours.)

Under RCW 72.08.040, it is the duty of the superintendent of the state penitentiary

"(2) To supervise the government, discipline, and police of the penitentiary, and to enforce all orders and regulations of the department in respect to the penitentiary. He shall keep a *registry* of the convicts, in which shall be entered the *name* of each convict, *the crime of which he was convicted, the period of his sentence, from what county and by what court sentenced, his nativity, to what degree educated, an accurate description of his person, and whether he has previously been confined in a prison* in this or any other state, and if so where, and how he was discharged." (Italics ours.)

Therefore, the warden of the *Washington state penitentiary*, who is by law the proper custodian of the *prison records*, may certify such record under RCW 5.44.040 and when so certified, it shall be received in evidence in an habitual criminal proceeding.

This court may take judicial notice of the official roster of state and county officers compiled in the office of the secretary of state, and from this we learn that B. J. Rhay is the superintendent of the Washington state penitentiary. His certificate is *prima facie* sufficient without further proof that he signed it in his official capacity. See *State v. Courser, supra*.

It follows that, since the certificate of Judge Bradford was not required, the lack of a seal on his certificate is immaterial, and the admission of it as a part of the exhibit was not prejudicial.

The certificate of the warden reads as follows:

"I, B. J. RHAY Warden of WASHINGTON STATE PENITEN- TIARY Do HEREBY CERTIFY That, as such Warden, I am keeper and custodian of fingerprints and photographic records of persons convicted of crime and imprisoned in said prison, and that the said fingerprint and photographic records are kept by me in my files in conformity with the law.

"I further certify that the annexed is a true copy of an original fingerprint and photographic record now on file in this prison; that I have compared the transcript hereto annexed with the said original records, and I certify that the same is a true and correct transcript of the said original record, and of the whole thereof; that I have also compared the original fingerprint and photographic record, including the name which appears thereon, with the warrant of commitment of the person whose fingerprints and photograph were thus recorded, and I certify and attest that the name under which the person was received at this penitentiary whose fingerprints and photograph were recorded was JO- SEPH KELLY, and *that on the 6th day of March, 1941, he was convicted of the crime of Robbery & Grand Larceny Counts 1-2 in the Superior Court of Yakima County, State of Washington, and sentenced to the Washington State Prison for a term of 0-20 and 0-15 concurrently by Judge Robert J. Willis, and released from this prison on the 3rd day of August, 1944. . . .*" (Italics ours.)

Appellant contends that the italicized portion of paragraph No. 2 was prejudicial, in that the statements made merely constituted the conclusions of the warden and violated his constitutional right (Art. I, § 22) to meet the witnesses against him face to face. This contention is without merit. It is evident from an examination of the warden's certificate, he did not certify *that the appellant had been convicted or confined for any crime.* He simply certified the information he is required to maintain as a part of his records (RCW 72.08.040 (2)), that the *named individual* was confined for the crime stated. Although these statements are, in fact, conclusions, they are not prejudicial, for the reason that the same information is contained in other documents in the exhibit which were properly admissible as a part of the prison record. Further, the appellant's right to meet his witnesses face to face has not been violated,

since a certified record is not a witness. See *State v. Johnson, supra.*

The appellant's next contention is that the trial court erred in admitting a copy of the sentence and judgment as a part of exhibit No. 31. The basis of this contention is that the warden is not the custodian of the court records. The appellant relies upon the case of *State v. O'Dell, supra,* in support of this contention.

In the *O'Dell* case, we held that a certification by the warden of the Oregon state penitentiary that a specified document was an exact copy of a judgment and sentence, as certified by the clerk of the court, was not sufficient to meet the requirements of RCW 5.44.010, which provides as follows:

"*Court records, admissible when.* The records and proceedings of any court of the United States, or any state or territory, shall be admissible in evidence in all cases in this state when duly authenticated by the attestation of the clerk, prothonotary or other officer having charge of the records of such court, with the seal of such court annexed." (Italics ours.)

The sentence and judgment in that case was introduced *to prove the prior conviction* and not to establish identity. Since it was not properly authenticated under the above statute, it was not admissible.

The instant case is clearly distinguishable upon its facts. Here, the sentence and judgment included in exhibit No. 31 was admitted, not as a court record to prove the conviction, but as a part of the prison record, under RCW 5.44.040, *solely for the purpose of establishing identity. To prove the conviction,* the respondent introduced a certified copy of the sentence and judgment from the superior court of Yakima county, Washington, under the provisions of RCW 5.44.010. Thus, the state proved both elements necessary to establish the appellant's status as an habitual criminal.

One further question arises by reason of the preceding assignment of error, and that is: whether the warden may

maintain, as a part of his record, a copy of the sentence and judgment of the individual delivered to him.

■ · ■ · The warden, under RCW 72.08.040 (2), as hereinbefore set forth, must maintain a *registry* of convicts which must include, among other things, the name of the convict, the crime of which he was convicted, the period of his sentence, from what county and by what court sentenced, and an accurate description of his person.

In *State v. Courser, supra*, we stated:

"It is true that our statutes do not, in so many words, authorize the superintendents of the penitentiary and reformatory to take and keep, as part of their official files and records, pictures and fingerprints of the inmates of those institutions. *However, the statute* [now RCW 72.08.040] *governing the penitentiary does, in effect, authorize the superintendent to make and retain such records.*" (Italics ours.)

Likewise, in this case, we hold that, in order to carry out the mandate of the statute, it is not only appropriate but necessary for the warden to maintain, as a part of his records and files, a copy of the sentence and judgment and warrant of commitment of the person confined.

The appellant's other assignments of error do not warrant our discussion.

From our review of the record, we are convinced that the appellant had a fair and impartial trial free from prejudicial error, and, therefore, the judgment and sentence of the trial court must be affirmed.

It is so ordered.

HILL, C. J., MALLERY, OTT, and FOSTER, JJ., concur.