[No. 28983-4-III.    Division Three.    September 15, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. HERAQUIO CEJA SANTOS, *Appellant*.

*David N. Gasch* (of *Gasch Law Office*), for appellant.

*Andrew K. Miller, Prosecuting Attorney,* and *Megan A. Bredeweg, Deputy,* for respondent.

¶1 SWEENEY, J. — Felony driving under the influence (DUI) requires a showing that the defendant has been convicted of previous DUIs within a given time frame. And, in Washington, the State must show that the person named in earlier judgments or court documents and the defendant presently sitting in the courtroom is the same person. The State did not make that showing here, so we reverse this felony DUI conviction and remand for entry of a conviction and a sentence for gross misdemeanor DUI.

## FACTS

¶2 The State charged Heraquio Santos with felony DUI for driving "a motor vehicle in the State of Washington [while] under the influence of or affected by intoxicating liquor or any drug, and [because] the defendant has four (4) or more prior offenses within ten years as defined in RCW 46.61.5055." Clerk's Papers at 1.[1]

¶3 The officer who had arrested Mr. Santos testified that Mr. Santos had been too impaired to drive. The State then

---

[1] Mr. Santos was also charged with and pleaded guilty to first degree driving while license suspended. He does not challenge that conviction.

introduced and the court admitted certified copies of four DUI judgments to show Mr. Santos had prior offenses within 10 years:

> THE COURT: Please be seated. Welcome back. And just by way of orientation the state is still presenting their evidence, and they have some additional.

> [THE STATE]: Your Honor, I would move to admit what's been marked as state's exhibits for identification numbers 4 through 9, specifically number[s] 5, 6, 7, and 9.

> THE COURT: OK, and 5, 6, 7, and 9 are admitted, and I recognize the defen[s]e objects to those.

> [DEFENSE COUNSEL]: Thank you, your Honor.

> THE COURT: But they're admitted just as well.

> [THE STATE]: And at this time, your Honor, the state rests.

Report of Proceedings at 193-94. The trial court also admitted copies of statements on plea of guilty and deferred prosecution documents, all related to the earlier DUI judgments. The court then entered judgment on a jury verdict of guilty on all counts.

## DISCUSSION

¶4 Mr. Santos contends that the State was obligated to and failed to show that he was the person convicted of the earlier offenses. *State v. Huber*, 129 Wn. App. 499, 502, 119 P.3d 388 (2005). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and any reasonable inferences drawn from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The evidence is sufficient if, when viewed most favorably to the State, the jury can find the essential elements of the charged crime. *State v. Bourne*, 90 Wn. App. 963, 968, 954 P.2d 366 (1998). Here, the question is whether the State produced sufficient evidence of the prior convictions element of felony DUI.

¶5 Driving under the influence rises from a gross misdemeanor to a felony if the defendant "has four or more

prior offenses within ten years as defined in RCW 46.61-.5055." RCW 46.61.502(6)(a). The fact that the defendant has four or more prior offenses is, then, an essential element of felony DUI that the State must prove. *State v. Chambers*, 157 Wn. App. 465, 468, 237 P.3d 352 (2010), *review denied*, 170 Wn.2d 1031 (2011).

¶6 The best evidence of a prior conviction is a certified copy of the judgment. *State v. Chandler*, 158 Wn. App. 1, 5, 240 P.3d 159 (2010). But a recent bail jumping case sets forth the general rule that we apply here: "[W]hen criminal liability depends on the accused's being the person to whom a document pertains . . . the State must do more than authenticate and admit the document; it also must show beyond a reasonable doubt 'that the person named therein is the same person on trial.'" *Huber*, 129 Wn. App. at 502 (quoting *State v. Kelly*, 52 Wn.2d 676, 678, 328 P.2d 362 (1958) (a habitual criminal case)). This showing cannot be based on the document; it must be based on independent evidence that "the person named therein is the defendant in the present action," which includes booking photographs or fingerprints, eyewitness identification, or distinctive personal information. *Id.* at 502-03.

¶7 The State urges that other independent evidence, such as the location, time frame, and similarity of the prior offenses and the name of the defendant in each judgment, can be considered to determine whether the defendant is the individual who has the prior offenses. And, indeed, it can. In *State v. Brezillac*, sufficient evidence supported the identity element of the defendant's habitual criminal conviction because the trial court was able to compare and link certified copies of prior judgments to prison records, which contained photographs and a physical description of the inmate, and then compare and link the prison records to the defendant himself:

[T]he judgments and sentences show that a "Mitchell T. Brezillac" was convicted of two felonies in Georgia; the prison records show that a "Brezillac" who had a certain physical

appearance and certain physical characteristics, was convicted of the same crimes, in the same county, on the same day; finally, the physical appearance of Brezillac in court enabled the trial judge to conclude by observation that, beyond a reasonable doubt, he was the same as the "Brezillac" in the prison records and, thus, the same as the "Brezillac" in the judgments and sentences.

19 Wn. App. 11, 13-14, 573 P.2d 1343 (1978).

¶8 But nothing links the prior DUI judgments in this case to Mr. Santos. Certified copies of four DUI judgments show "Santos, Heraquio" or "Heraquio Santos" was convicted of DUI in either Benton County or Franklin County in the same seven-year period. The same "Heraquio Santos" committed three of those DUIs because one judgment links to two of the other judgments. The remaining judgment lists for "Santos, Heraquio" an address and a birth date, a date that conflicts with the age listed in guilty plea statements underlying two other judgments.

¶9 Even if all four prior DUI judgments could somehow be linked to each other, no evidence links them to Mr. Santos. None of the information in the State's exhibits can be compared to Mr. Santos, the defendant in this case, by simple observation to determine whether he is the person named in the judgments. And none of it can be compared to any other independent evidence that can be linked to Mr. Santos. The State produced no evidence of Mr. Santos's address, birth date, or criminal history. It produced no photographs of "Santos, Heraquio" or "Heraquio Santos" to compare to Mr. Santos, who appeared in person at trial.

¶10 The State's evidence, then, was insufficient to establish the prior offenses element of felony DUI. Mr. Santos does not challenge the sufficiency of the evidence supporting felony DUI's remaining element—that he drove a vehicle while affected by intoxicating liquor. RCW 46.61.502(1)(b). We, therefore, reverse Mr. Santos's felony

DUI conviction and remand for entry of a conviction and a sentence for gross misdemeanor DUI.

Korsmo, A.C.J., and Siddoway, J., concur.