IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31354-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GLENN E. SAPP, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Photographic evidence figured prominently in the prosecution of Glenn Sapp for various sexual offenses against a minor child. His primary argument on appeal is a contention that either he or the minor child featured in the photographic evidence needed to authenticate the exhibits. We disagree and affirm.

FACTS

Around the same time that the Spokane County Sheriff's Office received reports that Glenn Sapp had sexually abused a minor, that office was given a digital camera and memory card containing digital photographs and video recordings depicting Glenn Sapp repeatedly sexually abusing the child. Based on this evidence, the State charged Mr. Sapp with several sex offenses. The charges eventually included five counts of felony

communication with a minor for immoral purposes, two counts of sexual exploitation of a minor, two counts of rape of a child in the first degree, and two counts of child molestation in the first degree.

Mr. Sapp waived his right to a jury trial. Due to the tender age of the victim, she did not testify at the bench trial. As proof of the crimes, the State offered the photographs and video recordings that it pulled from the digital camera and memory card.

The victim's grandmother authenticated the evidence. The grandmother had known both the victim and Mr. Sapp for a number of years. Based on her personal knowledge, the grandmother identified Mr. Sapp and her grandchild as the people in the exhibits, the victim's age at the time of the incidents, and the location where the exhibits were recorded—Mr. Sapp's residence.

Mr. Sapp contested the grandmother's ability to authenticate the exhibits. He argued that authentication required testimony from a witness with knowledge of the events depicted and not just the people, time, and places depicted. The court overruled the objection. The court also rejected Mr. Sapp's argument that the State had not proven that he committed a prior felony sex offense, one of the elements of the communication with a minor for immoral purposes charges.

2

The court thereafter found Mr. Sapp guilty on all counts, and entered detailed findings of fact and conclusions of law as to each count. The court sentenced Mr. Sapp to an aggravated exceptional indeterminate sentence of 30 years to life. Mr. Sapp timely appealed to this court.

ANALYSIS

Mr. Sapp presents three arguments on appeal. His first argument generally challenges the authentication by the grandmother and his second argument specifically challenges the sufficiency of the authentication of some of the exhibits used to convict him on the two counts of rape of a child in the first degree. Mr. Sapp also challenges the sufficiency of the evidence used to prove his prior sex offense conviction for the five counts of felony communication with a minor for immoral purposes. We address the two authentication challenges together before addressing the evidentiary sufficiency argument.

*Authentication*

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Under ER 901, a party may

authenticate a recording through, "evidence sufficient to support a finding that the matter in question is what its proponent claims." ER 901(a).

Video recordings follow the same standards for authentication as photographs. *State v. Newman*, 4 Wn. App. 588, 593, 484 P.2d 473 (1971). To authenticate such evidence, the proponent must put forward a witness "able to give some indication as to when, where, and under what circumstances the photograph was taken, and that the photograph accurately portrays the subject illustrated." *Id.* at 593. The witness does not necessarily need to be the photographer. *Id.*

Although the witness does not have to be the photographer, Mr. Sapp argues that the authenticating witness must still be a witness with personal knowledge of the events depicted. He relies on *Saldivar v. Momah*, 145 Wn. App. 365, 186 P.3d 1117 (2008). There the court upheld a lower court ruling excluding a video news report due to insufficient authentication. The report lacked sufficient authentication because the authenticating witnesses could only identify the person in the video, Charles Momah, but could not testify "as to when, where, and under what circumstances the recording was made." *Id.* at 399. Mr. Sapp thus argues that the testifying witness needed to have been present at the time of the events depicted.

4

*Saldivar*, however, did not extend that far. An authenticating witness does not necessarily have to have been present at the recording of the exhibit in order to know "when, where, and under what circumstances the recording was made." A witness with prior knowledge of the people and places depicted in the exhibit could still establish when the exhibit was created based on the age of people in the exhibit or things depicted in the background.

To read such a stringent holding into *Saldivar* would require Washington to adopt the "pictorial testimony theory of photographs." Under this theory, a photograph is a substitute for another person's testimony and is only admissible with contemporaneous testimony from a witness who testifies that the photograph is an accurate representation of his personal knowledge. 3 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 790, at 219 (James H. Chadbourn rev. ed. 1970).

This theory long ago gave way to a second theory of admissibility—the "silent witness" theory of photograph admissibility. *Id.* at 219-20; 32A C.J.S. EVIDENCE § 1254 (2014); *Higgins v. Ariz. Sav. and Loan Ass'n*, 90 Ariz. 55, 66, 365 P.2d 476 (1961) ("Nor need the verifying witness have been present when the picture was taken."); *Hannewacker v. City of Jacksonville Beach*, 419 So.2d 308, 311 (Fla. 1982). Under this

theory, a photograph is admissible "even though no human is capable of swearing that he personally perceived what a photograph purports to portray." WIGMORE, *supra*, at 220.

Notably, Wigmore's treatise highlights sex crime prosecutions as one of the key impetuses for adopting the silent witness theory. WIGMORE, *supra*, at 220. In such cases, there might not be any witnesses other than a photograph. As an example, Wigmore uses *People v. Doggett*, 83 Cal. App. 2d 405, 188 P.2d 792 (1948). In *Doggett*, a husband and wife were convicted solely on the testimony of a photograph depicting them engaged in a criminal act of sexual perversion. In affirming the authentication of the photograph, the California Court of Appeals held that photographs are sufficiently authenticated by other evidence establishing the period of time during which the pictures were taken, the place where they were taken, and identifying the persons shown in the photographs. *Doggett*, 83 Cal. App. 2d at 408-10.

The Washington Supreme Court has in practice followed the silent witness theory. In one photograph authentication case, the court held that a photograph was sufficiently authenticated through a witness who accurately identified the location shown in the picture, and another witness who talked about the store's standard practice of photographing customers. *State v. Tatum*, 58 Wn.2d 73, 75, 360 P.2d 754 (1961). Nowhere does *Tatum* indicate that there was testimony from a witness who identified the

person in the picture as the defendant or any witness who testified that the scene depicted in the picture (the defendant passing a forged check) accurately portrayed the scene that had occurred, nor did the court indicate that such testimony was required. Rather, the court permitted the photograph to speak for itself on those issues.

In the analogous field of audio recordings, this court has explicitly held that authentication of an audio recording does not require testimony from a party to the recording. "A sound recording, in particular, need not be authenticated by a witness with personal knowledge of the events recorded." *State v. Williams*, 136 Wn. App. 486, 500, 150 P.3d 111 (2007). "Rather, the trial court may consider any information sufficient to support the prima facie showing that the evidence is authentic." *Id.*

We believe it is clear that Washington does not require photographs and other recordings to be authenticated by a witness present for their creation. Accordingly, we hold that the victim's grandmother adequately authenticated the photographs and video recordings in this case when she identified the individuals in the exhibits, the victim's approximate age, and the location depicted in the exhibits.

Mr. Sapp next argues that exhibits 21, 22, 28, 30, and 33 also lacked adequate authentication because the victim's grandmother did not identify the location depicted in those exhibits. While true, the victim's grandmother still provided the identity of the

people in the exhibits and the victim's age, which established the timeframe for the acts depicted in the exhibits.[1] Although these authentications were not as complete as the other authentications in this case, it was still more information than what was provided in *Saldivar*. The trial court could reasonably conclude that the matter in question was what its proponent claimed, which is all that ER 901(a) requires.

The trial court did not abuse its discretion in admitting the photographic evidence.

*Sufficiency of the Evidence*

Finally, Mr. Sapp argues that the State failed to produce sufficient evidence to prove that he committed the five charged counts of felony communication with a minor for immoral purposes. On a challenge to the sufficiency of the evidence, this court views the evidence in a light most favorable to the State and asks whether any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Rempel*, 114 Wn.2d 77, 82, 785 P.2d 1134 (1990).

In relevant part, this crime requires proof that "the person has previously been convicted under this section or of a felony sexual offense." RCW 9.68A.090(2).

---

[1] We note that the grandmother did not provide location information for these photographs because she was not asked to by either side. The record does not show that she lacked knowledge of the location depicted. In all likelihood, the location was the same as the rest of the exhibits—Mr. Sapp's residence.

"[W]hen criminal liability depends on the accused's being the person to whom a document pertains . . . the State must do more than authenticate and admit the document; it also must show beyond a reasonable doubt 'that the person named therein is the same person on trial.'" *State v. Huber*, 129 Wn. App. 499, 502, 119 P.3d 388 (2005) (quoting *State v. Kelly*, 52 Wn.2d 676, 678, 328 P.2d 362 (1958)). The State cannot meet its burden by showing identity of names alone. *Id.* "Rather, it must show, by evidence independent of the record, that the person named therein is the defendant in the present action." *Id.* (quotations omitted). "The State can meet this burden in a variety of specific ways." *Id.* at 503. "Depending on the circumstances, these may include otherwise-admissible booking photographs, booking fingerprints, eyewitness identification, or, arguably, distinctive personal information." *Id.*

To prove the prior conviction element, the State submitted documents showing that Mr. Sapp had previously been convicted in Chelan County of possession of depictions of a minor engaged in sexually explicit conduct. These documents included certified copies of the Chelan County charging information, Mr. Sapp's statement of defendant on plea of guilty, and the judgment and sentence.

Mr. Sapp argues that the evidence is mere reliance on the identity of names. However, the documents show that the Glenn Eugene Sapp who pleaded guilty in Chelan

County to two counts of felony possession of depictions of a minor engaged in sexually explicit conduct had the same name, sex, race, and date of birth as the Glenn Eugene Sapp who was on trial in Spokane County. We conclude that the record contained sufficient evidence for a rational trier of fact to find that Mr. Sapp had a prior felony sex offense conviction.

Affirmed.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

10