IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35233-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMIE LYNNE HUGDAHL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jamie Hugdahl appeals her convictions for second degree theft and first degree trafficking in stolen property, challenging the foundation for a video recording that was admitted at trial. Finding no abuse of discretion, we affirm.

FACTS

This appeal arises from the theft and subsequent transfer of a new iPhone 6S, valued at $700 to $900, from the Verizon store in Ellensburg. The missing phone was part of a shipment of new iPhones left on a store counter while the clerk waited on a customer. Part of the theft was captured by a security video. The security contractor provided a copy of the video to Amy Hittinger, the district manager for Verizon.

Ms. Hugdahl was arrested after she traded the iPhone to a man, Michael Aldridge, who subsequently activated the device. He named Hugdahl as the person he had traded

with.  A store clerk later testified that Ms. Hugdahl had been in the Verizon store in order to make a return an hour or two before the theft was discovered.  When questioned by an officer, Ms. Hugdahl claimed to have obtained the iPhone from a third party and did not know it had been stolen.

The noted charges were filed and the case proceeded to jury trial.  Ms. Hittinger and the investigating officer, Clayton Self, provided the foundation testimony for the video.  The Ellensburg store was one of six stores that Ms. Hittinger supervised.  She testified that the interior of the store depicted in the video appeared to be the Ellensburg store.  Officer Self, who also was familiar with the store, testified that the video was of the Ellensburg store.  The video also showed from the back a woman approaching the counter where the stolen phone had been sitting.  Familiar with Ms. Hugdahl's stature and her dressing habits, the officer believed the woman in the video was "consistent" with Ms. Hugdahl.  The date and time stamps on the video were of the time period when the phone went missing.  The court admitted the video, Exhibit 4, over defense objection to the foundation.

The defense argued the case to the jury on the theory that the video did not depict Ms. Hugdahl and that Mr. Aldridge, who had a criminal record, was probably the thief. The jury, however, found Ms. Hugdahl guilty on the noted counts.  She timely appealed to this court.  A panel considered the matter without argument.

ANALYSIS

Ms. Hugdahl presents a single issue in this appeal.  She argues that the court erred in concluding that a sufficient foundation was offered to admit Exhibit 4.  The prosecutor argues that there was no error and that any error would have been harmless.  Although a better foundation could have been offered, we conclude that the trial court did not abuse its discretion.  We do not address the harmless error argument.

The decision to admit or exclude evidence at trial is reviewed for manifest abuse of discretion.  *State v. Wittenbarger*, 124 Wn.2d 467, 490, 880 P.2d 517 (1994); *Boyd v. Kulczyk*, 115 Wn. App. 411, 416, 63 P.3d 156 (2003).  Discretion is abused when it is exercised on untenable grounds or for untenable reasons.  *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).  Any error in the admission of evidence is harmless if "within reasonable probabilities" it did not affect the outcome of the trial.  *State v. Zwicker*, 105 Wn.2d 228, 243, 713 P.2d 1101 (1986).

The authentication of evidence is governed by ER 901.  That rule provides:

> **(a) General Provision**.  The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
> **(b) Illustrations**.  By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this Rule:
> (1) *Testimony of Witness with Knowledge*.  Testimony that a matter is what it is claimed to be.
> . . . .

(4) *Distinctive Characteristics and the Like*.  Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.

Video recordings follow the same standards for authentication as photographs. *State v. Newman*, 4 Wn. App. 588, 592-593, 484 P.2d 473 (1971).  To authenticate such evidence, the proponent must put forward a witness "able to give some indication as to when, where, and under what circumstances the photograph was taken, and that the photograph accurately portrays the subject illustrated." *Id*. at 593.  The witness does not necessarily need to be the photographer. *Id*.  Similarly, the authenticator does not need to have been present at the creation of the video. *State v. Sapp*, 182 Wn. App. 910, 916, 332 P.3d 1058 (2014).

With these standards in mind, we believe the trial judge had a tenable basis for admitting the evidence.  Ms. Hittinger had requested a copy of the surveillance video for her Ellensburg store covering the date and time of the alleged theft and received a video depicting that store.  Officer Self was certain that the video was of the store and he believed that a portion of the video showed a person "consistent" with Ms. Hugdahl who was known to have been in the store that morning to make a return.  Given all of these facts, the trial judge had a basis for believing that the video depicted the incident in question, making it authentic and also relevant.

These were tenable grounds for determining authenticity and admitting the exhibit. There was no abuse of discretion.

No. 35233-1-III
*State v. Hugdahl*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

5