# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50691-2-II |
| Respondent, | |
| v. | |
| JOHN CLARK MILAM, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Following a bench trial, John Clark Milam appeals his conviction for failure to register as a sex offender.  Milam argues that the State failed to present sufficient evidence supporting his conviction because it failed to show that he was the same person named in the prior judgment.  Milam also argues that the trial court erred by imposing a criminal filing fee because he is indigent.  We hold that the State presented sufficient evidence supporting Milam's conviction, but we remand to strike the criminal filing fee and interest accrual.

## FACTS

Milam and his wife, Toni Barber, moved from Oregon to Hoquiam, Washington.  In Hoquiam, they rented a house as "John Barber and Toni Barber."  Verbatim Report of Proceedings (VRP) (May 2, 2017) at 9.

In January 2017, Hoquiam police officer Jared Spaur and Sergeant Jeff Salstrom were dispatched to a Hoquiam grocery store to perform a welfare check on a man who appeared confused.  Officer Spaur and Sergeant Salstrom spoke with the man, who was later identified as

Milam. Milam reported that he had been shopping with his wife, but could no longer locate her. Officer Spaur took Milam home.

In February 2017, Barber's sister, Roxie Wood, contacted the Hoquiam Police Department and requested that they perform a welfare check on Barber. Sergeant Salstrom spoke with Barber's sister. Wood told Sergeant Salstrom that Milam was a registered sex offender from Oregon.

Sergeant Salstrom investigated Milam's sex offender status and learned that Milam was required, but had failed, to register as a sex offender in Washington. The State charged Milam with failure to register as a sex offender,[1] and the matter proceeded to a bench trial.

At trial, the owner of Milam and Barber's rental house testified that he rented the house to "John Barber and Toni Barber," and identified Milam as "John" who rented his house. VRP (May 2, 2017) at 9. Officer Spaur and Sergeant Salstrom testified that in January 2017, they were dispatched to a Hoquiam grocery store to perform a welfare check on Milam, who appeared confused.

Sergeant Salstrom testified about his conversation with Wood. Sergeant Salstrom testified that Wood "informed [him] that Mr. Milam was a registered sex offender out of Oregon," and Wood then provided his "full name." VRP (May 2, 2017) at 30. Sergeant Salstrom did not testify as to the full name that Wood provided. He also testified about his subsequent investigation into whether Milam was a sex offender. Milam objected to Sergeant Salstrom's testimony about his conversation based on hearsay. The court admitted the testimony

---

[1] RCW 9A.44.132.

for the limited "purposes that it was said and explaining [Sergeant Salstrom's] further actions." VRP (May 2, 2017) at 30.

The State argued that Milam had a duty to register as a sex offender based on his Oregon conviction. The State admitted a certified copy of an Oregon conviction for first degree sex abuse. The copy of the Oregon conviction referenced "John Clark Milam," but did not contain other personal identifying information, fingerprints, birthdate, or booking photo. Ex. 1. Milam argued that the State had not proven that Milam was the same Milam named in the Oregon conviction.

The trial court found Milam guilty and sentenced him to 60 days with credit for time served. The trial court also imposed legal financial obligations, including a criminal filing fee and accrual of interest. The trial court signed an order of indigency for Milam.

The trial court entered findings of fact and conclusions of law. The trial court found that Wood informed Sergeant Salstrom that Milam is a registered sex offender in Oregon. The trial court also found that "[t]here is sufficient evidence in the record, particularly in the documents related to Mr. Milam's sex offense conviction in Oregon, which were admitted during the trial, to identify the Defendant as John Clark Milam." CP at 65. Milam appeals.

ANALYSIS

A.    SUFFICIENCY OF EVIDENCE REGARDING IDENTITY

Milam argues that the State failed to present sufficient evidence of his conviction because it did not prove that he was the person named in the Oregon conviction. Specifically, he challenges the trial court's finding that "[t]here is sufficient evidence in the record, particularly

in the documents related to Mr. Milam's sex offense conviction in Oregon, which were admitted during the trial, to identify the Defendant as John Clark Milam." CP at 65. We disagree.

"When reviewing the sufficiency of evidence supporting a conviction following a bench trial, we determine whether substantial evidence supports the challenged findings of fact and whether the findings support the trial court's conclusions of law." *State v. Smith*, 185 Wn. App. 945, 956, 344 P.3d 1244 (2015). Substantial evidence is evidence that is sufficient to persuade a fair-minded, rational person that the findings are true. *Smith*, 185 Wn. App. at 956. The party challenging a finding bears the burden of demonstrating that the finding is not supported by substantial evidence. *Smith*, 185 Wn. App. at 957.

When evaluating the sufficiency of evidence in support of a conviction, we view all the evidence in the light most favorable to the State. *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009). We do not consider circumstantial evidence to be any less reliable than direct evidence. *Smith*, 185 Wn. App. at 957. We treat unchallenged findings of fact as verities on appeal. *State v. Goggin*, 185 Wn. App. 59, 67, 339 P.3d 983 (2014).

To convict Milam of failure to register as a sex offender, the State had to prove beyond a reasonable doubt that he (1) had a duty to register for a felony sex offense and (2) knowingly failed to comply with any of RCW 9A.44.130's registration requirements. RCW 9A.44.132(2). The State argued that Milam had a duty to register as a sex offender based on his Oregon conviction.

The State has the burden of establishing, beyond a reasonable doubt, the identity of the defendant as the person who committed the offense. *Goggin*, 185 Wn. App. at 71; *State v. Huber*, 129 Wn. App. 499, 501-02, 119 P.3d 388 (2005). When, like here, a prior judgment is an

4

element of the current crime charged, the State must prove beyond a reasonable doubt "that 'the person named therein is the same person on trial.'" *Goggin*, 185 Wn. App. at 71 (quoting *Huber*, 129 Wn. App. at 502); *see State v. Hill*, 83 Wn.2d 558, 560, 520 P.2d 618 (1974) ("It is axiomatic in criminal trials that the prosecution bears the burden of establishing beyond a reasonable doubt the identity of the accused as the person who committed the offense.").

Identity of names alone is not sufficient proof to establish that the person named in the prior judgment is the defendant. *Huber*, 129 Wn. App. at 502. Because many people share identical names, the State must show by independent evidence that the person named in the document is the defendant in the present action. *Huber*, 129 Wn. App. at 502. Such independent evidence need only establish prima facie that the defendant is the same person named in the document. *State v. Hunter*, 29 Wn. App. 218, 221-22, 627 P.2d 1339 (1981). The State can meet this burden by presenting booking photographs, booking fingerprints, eyewitness identifications, a certified copy of a driver's license, or other distinctive personal information. *Huber*, 129 Wn. App. at 503; *State v. Chandler*, 158 Wn. App. 1, 7, 240 P.3d 159 (2010).

In *State v. Huber*, the defendant was convicted of bail jumping. 129 Wn. App. at 500. "The State did not call any witnesses or otherwise attempt to show that the exhibits related to the same Wayne Huber who was then before the court." *Huber*, 129 Wn. App. at 501. The appellate court reversed the defendant's conviction for bail jumping, reasoning that the State failed to establish the defendant's identity because it did not link the Wayne Huber named in the certified court documents to the defendant on trial, and presented only documentary evidence to establish the crime of bail jumping. *Huber*, 129 Wn. App. at 503-04.

Similarly, in *State v. Ceja Santos*, the court reversed the defendant's conviction for felony driving under the influence (DUI). 163 Wn. App. 780, 782, 260 P.3d 982 (2011). To prove the charge, the State had to prove the existence of four prior DUIs within a given time frame. *Ceja Santos*, 163 Wn. App. at 783-84. But the State provided no evidence linking judgments admitted at trial to the defendant. *Ceja Santos*, 163 Wn. App. at 785. The court held that there was nothing in the prior judgments that could be compared to Santos "by simple observation" to determine identity, or to compare to other independent evidence that could be linked to the defendant. *Ceja Santos*, 163 Wn. App at 785.

Conversely, in *Goggin*, the defendant was charged with felony DUI. 185 Wn. App. at 64. The court held that the State proved that the defendant was the same person named in the prior DUI judgments by submitting the defendant's state identification card. *Goggin*, 185 Wn. App. at 71. The identification card included the defendant's height, weight, hair and eye color, and address, all which matched the defendant and the identifying information from the defendant's prior DUI judgments. *Goggin*, 185 Wn. App. at 71.

And in *State v. Sapp*, the defendant was charged with felony communication with a minor for immoral purposes. 182 Wn. App. 910, 917, 332 P.3d 1058 (2014). In order to prove felony communication with a minor for immoral purposes, the State was required to prove that the defendant had prior felony sex offense convictions. *Sapp*, 182 Wn. App. at 917; *see State v. Roswell*, 165 Wn.2d 186, 192, 196 P.3d 705 (2008). The court held that the State met its burden by submitting certified copies of the defendant's charging information, the defendant's statement on guilty plea, and the judgment and sentence. *Sapp*, 182 Wn. App. at 918. The documents included name, sex, race, and date of birth, which matched the defendant's name, sex, race, and

date of birth. *Sapp*, 182 Wn. App. at 918. The court held that the identity of name, sex, race, and date of birth was sufficient evidence of the defendant's identity. *Sapp*, 182 Wn. App. at 918.

Here, Milam argues that *Huber* is controlling. But *Huber* is factually distinguishable. In *Huber*, the State provided no evidence that the person named in the exhibits was the same person on trial. 129 Wn. App. at 503. Here, the State presented sufficient evidence to prove that Milam was the Milam named in the Oregon conviction. The court found that Wood told Sergeant Salstrom that Milam was a registered sex offender from Oregon. Milam did not assign error to the court's finding, and it is a verity on appeal. *Goggin*, 185 Wn. App. at 67. Further, the State presented evidence that Milam used a false name, John Barber, on his rental agreement. We hold that this additional evidence was sufficient to prima facie establish that Milam was the person named in the Oregon conviction. Thus, viewing the evidence in the light most favorable to the State, we hold that the State's evidence was sufficient to support Milam's conviction for failure to register as a sex offender.

B.      IMPOSITION OF CRIMINAL FILING FEE AND INTEREST ACCRUAL

Milam argues that we should strike the criminal filing fee under *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). We agree.

Engrossed Second Substitute House Bill (ESHB) 1783 modified Washington's system of legal financial obligations, and prohibits trial courts from imposing criminal filing fees or interest accrual on indigent defendants. LAWS OF 2018, ch. 269, §§ 17, 1; *see* RCW 36.18.020(h). ESHB 1783 applies prospectively to cases that are on appeal. *Ramirez*, 191 Wn.2d at 747.

The trial court imposed a criminal filing fee, with interest, and signed an order of indigency for Milam. The imposition of a criminal filing fee and of interest accrual on indigent

defendants is no longer authorized. Thus, we remand to the trial court to strike the criminal filing fee and interest accrual.

We affirm Milam's conviction, but remand to strike the criminal filing fee and interest accrual.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Worswick, J._
Worswick, J.

We concur:

_Maxa, C.J._
Maxa, C.J.

_Glasgow, J._
Glasgow, J.